# Exhibit A

**Exhibit A** contains the applicable portions of statutes describing the offense with which MAX ALBERTO ESTRADA LINARES is charged, the statute of limitations, and the penalties MAX ALBERTO ESTRADA LINARES faces if convicted. Ellipses and asterisks are used to indicate portions of the statutes that are omitted because these portions do not apply to the case against MAX ALBERTO ESTRADA LINARES.

# Title 18, United States Code, Section 3282:   Offenses not capital

(a) **In general.**— . . . no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found . . .   within five years next after such offense shall have been committed.

\* \* \*

**Title 21, United States Code, Section 812:   Schedules of controlled substances**

**(a) Establishment**

    There are established five schedules of controlled substances, to be known as schedules I, II, III, IV, and V.  Such schedules shall initially consist of the substances listed in this section. . .

* * *

**(c) Initial schedules of controlled substances**

* * *

### Schedule II

    (a) . . . any of the following substances whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:

* * *

    (4) . . . cocaine, its salts, optical and geometric isomers, and salts of isomers . . . or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph. . .

**Title 21, United States Code, Section 959: Possession, manufacture, or distribution of controlled substance**

(a) Manufacture or distribution for purpose of unlawful importation

It shall be unlawful for any person to manufacture or distribute a controlled substance in schedule I or II or flunitrazepam or a listed chemical intending, knowing, or having reasonable cause to believe that such substance or chemical will be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States

* * *

**(d) Acts committed outside territorial jurisdiction of United States; venue**

This section is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States. Any person who violates this section shall be tried in the United States district court at the point of entry where such person enters the United States, or in the United States District Court for the District of Columbia

## Title 21, United States Code, Section 960

**Prohibited Acts A**

(a) Unlawful Acts

Any person who-

* * *

        (3) contrary to section 959 of this title, manufactures, possesses with intent to distribute, or distributes a controlled substance,

shall be punished as provided in subsection (b) of this section.

(b) Penalties

        (1) In the case of a violation of subsection (a) of this section involving–

* * *

        (B) 5 kilograms or more of a mixture or substance containing a detectable amount of-

* * *

        (ii) cocaine, its salts, optical and geometric isomers, and salts or isomers;.

* * *

the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life... a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $10,000,000 if the defendant is an individual... or both... any sentence under this paragraph shall... impose a term of supervised release of at least 5 years in addition to such term of imprisonment..

**Title 21, United States Code, Section 963: Attempt and conspiracy**

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

**Title 21, United States Code, Section 853: Criminal forfeitures**

**(a) Property subject to criminal forfeiture**

Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law--

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; . . .

* * *

The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II of this chapter, that the person forfeit to the United States all property described in this subsection. . . .

* * *

**(p) Forfeiture of substitute property**

(1)     **In general**

Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant –

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty.

(2)     **Substitute property**

In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

* * *