IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:16CR67 |
| | ) | |
| MAX ALBERTO ESTRADA-LINARES, *et.al*, | ) | Honorable Henry E. Hudson |
| a/k/a "Gueva" | ) | |
| a/k/a "Ernesto Che" | ) | |
| a/k/a "Guevera" | ) | |
| a/k/a "Juan De Arco" | ) | |
| a/k/a "Licenciada Bicford Castillo" | ) | |
| a/k/a "Bicford" | ) | |
| a/k/a "Juan Ernesto," | ) | |
| | ) | |
| *Defendant*. | ) | |

**CONSENT MOTION OF THE UNITED STATES TO
CERTIFY CASE AS "COMPLEX" UNDER THE SPEEDY TRIAL ACT**

The United States respectfully requests the Court to certify this case as "complex" under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), and to set a trial date accordingly. Under the Speedy Trial Act, trial of a defendant charged in an indictment "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Nonetheless, this Court may schedule a trial beyond the 70-day time limit of the Speedy Trial Act where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether the ends of justice are so

1

served, this Court shall consider whether a "case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii); *see United States v. Reavis*, 48 F.3d 763, 771 (4th Cir. 1995). Under this standard, the instant case is sufficiently complex to render a trial date outside the normal Speedy Trial limits appropriate.

## BASIS FOR MOTION

The superseding indictment charges this defendant, along with five other defendants, with conspiring to violate the federal drug importation and distribution statutes. These charges stem from an investigation by the Drug Enforcement Administration (DEA) of an international drug trafficking organization based in Central America (the "DTO"). The defendant, Max Alberto Estrada-Linaraes, a Guatemalan national, is the second defendant charged in the above-captioned case to arrive in the United States pursuant to the United States' extradition requests, but only one of five defendants charged in the pending superseding indictment.

There is substantial evidence underlying this case that will be produced in discovery. For example, there were separate Title III applications and orders for approximately twelve different Target Devices, which resulted in communications being intercepted over approximately six months. The communications intercepted over these devices occurred in the Spanish language. The United States will disclose copies of recordings of interceptions, along with the authorizations associated with each interception. The United States also will provide the defense with translations of pertinent interceptions that will be used at trial. This portion of the discovery alone consists of 13 dvd/cd's, comprising over 55 gigabytes of data.

Additionally, the extraterritorial nature of this case raises evidentiary and logistical issues that are more complex than in many domestic narcotics cases. The United States has received foreign evidence based on formal requests to the governments of Costa Rica and Guatemala, and the government will provide the defense with all discoverable foreign evidence in its possession. Further, the government anticipates that it may take additional time to arrange travel for foreign witnesses, and ensure compliance with the government's *Brady* and *Giglio* obligations with respect to such witnesses.

Given the volume of evidence in this case, to include the substantial wiretap evidence and foreign evidence, the government anticipates that the provision and review of the discovery will be sufficiently time-consuming to render it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii); *cf United States v. Salad*, 779 F. Supp. 2d 509, 514 (E.D. Va. April 11, 2011) ("the need for the assistance of interpreters, even when readily available, can make the process of client consultation and case preparation quite time consuming").

Finally, of the other charged defendants in this indictment, one is in federal custody (Edgar Antonio Quinonez-Salazar), one is not in custody, two are in custody and pending extradition, and one is believed to be deceased (Elkin Perez-Amezquita). Accordingly, it is possible that one additional defendant will be captured overseas, and that the remaining defendants will be extradited to the Eastern District of Virginia in the near future. Under 18 U.S.C. § 3161(h)(6), a "reasonable period of delay" is permitted "when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for

severance has been granted." Thus, a reasonable period of delay is warranted in this case to allow for additional defendants to be captured and extradited.

Therefore, the United States respectfully requests that the Court designate the case as "complex" and that it further find that the ends of justice are best served by scheduling a trial date beyond the 70-day deadline of the Speedy Trial Act. The undersigned counsel has conferred with defense counsel in this case, who has advised that he consents to this motion. The parties request a trial date beyond the 70-day deadline of February 16, 2017.

Respectfully submitted,

Dana J. Boente
United States Attorney

_____/s/_____
Erik S. Siebert
Peter S. Duffey
Thomas A. Garnett
Assistant United States Attorneys
Attorneys for the United States of America
United States Attorney's Office
919 E. Main Street, Suite 1900
Richmond, Virginia 23219
Phone: 804-819-5400
Fax: 804-771-2316
Peter.duffey@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties of record.

                                                                          _____/s/_____
                                                                 Erik S. Siebert
                                                                 Peter S. Duffey
                                                                 Thomas A. Garnett
                                                                 Assistant United States Attorneys
                                                                 Attorneys for the United States of America
                                                                 United States Attorney's Office
                                                                 919 E. Main Street, Suite 1900
                                                                 Richmond, Virginia 23219
                                                                 Phone: 804-819-5400
                                                                 Fax: 804-771-2316
                                                                 Peter.duffey@usdoj.gov